Filed 10/15/20  P. v. Palafox CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D075968 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN384086) |
| DAVID MARTIN PALAFOX, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

David Martin Palafox appeals a judgment of conviction after a jury found him guilty of second degree murder under an implied malice theory (Pen. Code, § 187, subd. (a));[1] gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)); and hit-and-run causing death (Veh. Code, § 20001, subd. (b)(2)).  The charges arose from an incident in which the defendant drove a pickup truck through a red light and struck and killed a pedestrian.

The defendant contends the trial court erred when instructing the jury with an adapted version of CALJIC No. 4.20.  As given by the trial court, the instruction provided that the defendant's state of voluntary intoxication was not a defense to the charges against him, including the implied malice murder charge.  The defendant does not challenge the substance of the instruction.  Rather, he claims the caption to the instruction was misleading because it read "Voluntary Intoxication—*General Intent* Crimes," (italics added), and, according to the defendant, implied malice murder is a specific intent crime.  He asserts the caption lowered the prosecution's burden of proof by permitting the jury to convict him of implied malice murder without finding that he acted with knowledge of the danger to, and with conscious disregard for, human life.

---

1    All further statutory references are to the Penal Code, unless otherwise noted.

We conclude it is not reasonably likely the caption to the voluntary intoxication jury instruction caused the jury to misapply the law pertaining to implied malice murder. Therefore, we affirm the judgment.

## II

## BACKGROUND

### 1

The defendant was driving his pickup truck one evening when he ran a red light and struck a pedestrian, killing him instantaneously. The defendant fled the scene and drove to his nearby home.

Approximately an hour after the collision, law enforcement officers located the defendant's pickup truck parked outside his home. They believed the pickup truck was involved in the collision because there was damage to the front portion of the vehicle. The defendant's roommate gave the officers consent to enter the premises, told the officers the defendant was present in the home, and stated that she had not observed the defendant drinking alcohol since he had returned home.

Law enforcement officers entered the defendant's home and heard a noise that sounded like a running shower coming from the bathroom. The defendant's roommate knocked on the bathroom door and the defendant opened the door a few minutes later. The defendant appeared to be extremely intoxicated and his breath had a strong alcohol smell. The defendant was taken into custody and a blood draw was performed on him. The results of the blood draw indicated he had a blood alcohol concentration of .20 and marijuana in his system.

3

The defendant was charged by information with second degree murder under an implied malice theory (Pen. Code, § 187, subd. (a); count 1); gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a); count 2); driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 3); driving with a measurable blood alcohol content causing injury (Veh. Code, 23153, subd. (b); count 4); and hit-and-run causing death (Veh. Code, § 20001, subd. (b)(2); count 5). The information alleged the defendant fled the scene of the crime charged in count 2 (Veh. Code, § 20001, subd. (c)) and, for counts 2, 3, and 4, alleged he personally inflicted great bodily injury on the victim (Pen. Code, §§ 1192.7, subd. (c)(8), 12022.7, subd. (a)).

The jury found the defendant guilty of counts 1, 2, and 5, and found the attendant allegations to be true. It did not return verdicts on counts 3 or 4, which were lesser included offenses of count 2. The trial court sentenced the defendant to an aggregate term of 17 years to life, consisting of two years for the hit-and-run conviction and 15 years to life for the murder conviction. The court stayed the punishment for the gross vehicular manslaughter conviction.

III

DISCUSSION

We begin with an overview of basic homicide concepts. The elements of the offense of murder are: (1) an unlawful killing of a human being or fetus; (2) committed with malice aforethought. (§ 187, subd. (a).) Malice may be express or implied. (§ 188, subd. (a).) " 'It is express when the defendant manifests "a deliberate intention

unlawfully to take away the life of a fellow creature." [Citation.] It is implied ... "when the killing results from an intentional act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life" [citation].' " (*People v. Delgado* (2017) 2 Cal.5th 544, 571.)

The defendant contends the trial court committed an instructional error permitting the jury to convict him of implied malice murder without finding that he acted with the requisite mens rea—i.e., without finding that he knew his actions were dangerous to human life and consciously disregarded that risk. He asserts the error can be found in the caption of the court's instruction on voluntary intoxication. The caption read, "Voluntary Intoxication—General Intent Crimes," and the instruction applied to all pending charges, including the murder charge.[2] The defendant did not object to the use of the caption. But, on appeal, he claims the caption lowered the prosecution's burden of proof for the murder charge because it conveyed to the jury that murder was a general intent crime requiring proof only of a general criminal intent to commit the proscribed act.

We assume for purposes of this appeal the defendant's argument is preserved and review his claim of instructional error de novo. (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.) We assess whether the challenged instruction accurately states the law and

---

[2]    The substance of the instruction, an adapted version of CALJIC No. 4.20, provided as follows: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. [¶] In the crimes charged in Counts 1, 2, 3, 4, and 5, the fact the defendant was voluntarily intoxicated is not a defense and does not relieve him of responsibility for the crime."

consider whether there is a reasonable likelihood the trial court's instructions caused the jury to misapply the law. (*Ibid.*) We review the challenged instruction " 'in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner.' " (*Ibid.*; see also *People Sattiewhite* (2014) 59 Cal.4th 446, 475 ["The relevant inquiry here is whether, 'in the context of the instructions as a whole and the trial record, there is a reasonable likelihood that the jury was misled to defendant's prejudice.' "].)

California's appellate courts have been somewhat divided on whether implied malice murder is better characterized as a general intent crime or a specific intent crime. (Compare *People v. Whitfield* (1994) 7 Cal.4th 437, 450 [implied malice does "not fall literally within the [standard] formulation of specific intent," but it is "closely akin to [the] definition of specific intent, which requires proof that the defendant acted with a specific and particularly culpable mental state."], superseded by statute on another point as stated in *People v. Timms* (2007) 151 Cal.App.4th 1292, 1297–1298, and *Ho v. Carey* (9th Cir. 2003) 332 F.3d 587, 592–593 [general-intent instruction improper for implied malice murder charge]; with *People v. Reyes* (1997) 52 Cal.App.4th 975, 984 [" '[T]he criteria of specific intent for [the voluntary intoxication statute] are not necessarily the same as the criteria of specific intent as a measure of the scienter required for an offense.' "], and *People v. Cleaves* (1991) 229 Cal.App.3d 367, 380 ["[S]econd degree murder based on implied malice is a general intent crime but with the requirement of a certain mental state[.]"].) We need not resolve the issue because, regardless of whether implied malice murder is better categorized as a specific intent crime or a general intent

6

crime, it is not reasonably likely the caption to the voluntary intoxication instruction caused the jury to misapply the law of murder.

The trial court instructed the jury on the murder charge using an instruction modeled after CALCRIM No. 520. The murder instruction correctly relayed the People's burden to prove malice aforethought and thoroughly defined implied malice. In pertinent part, it stated that a person acts with implied malice only if "[a]t the time he acted, he knew his act was dangerous to human life" and "[h]e deliberately acted with conscious disregard for human life." The trial court also instructed the jury on the union of act and intent using an instruction modeled after CALCRIM No. 252. The instruction on the union of act and intent correctly stated that second degree murder required proof the defendant acted with the "specific mental state" set forth in the instruction on the murder charge, not merely proof the defendant "intentionally commit[ted] the prohibited act …." Given these instructions, the jury could not have found the defendant guilty of implied malice murder without necessarily finding that he knew his act was dangerous to human life and deliberately acted notwithstanding the risk associated with his conduct.

Further, the defendant does not claim the substance of the voluntary intoxication instruction was flawed; instead, he challenges only the caption. The court expressly instructed the jury that the instruction captions were not the law and admonished the jury to follow only the substance of the instructions by stating: "I leave [the numbers and titles] on. And the reason I do is it's not uncommon for the attorneys in their arguments to you to want to draw your attention to a particular instruction. The easiest way to find it is by number and title. So I leave it on there. [¶] But the point I want to make is,

7

*neither the number nor the title are the law.*  In fact, [at] times, in my opinion, some of

the titles can be a little misleading.  *So it's everything below the line, it's the body of the*

*instruction that's the actual law of the case and what you're obligated to follow*."  (Italics

added.)  Absent evidence showing otherwise, we presume the jury followed the court's

direction to apply only the substance of the instructions.  (*People v. Ortiz* (2012) 208

Cal.App.4th 1354, 1370 [rejecting defendant's claim that the title to an instruction was

misleading and inferring the jury followed the substance of the instruction].)

Based on the foregoing, we conclude it is not reasonably likely the jury

instructions, viewed as a whole, caused the jury to misapply the law.

IV

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

GUERRERO, J.

8